UNITED STATES of America, Appellee,

v.

**Robert Preston SMITH, Appellant.**

UNITED STATES of America, Appellee,

v.

**Robert Jackson EURY, Appellant.**

Nos. 85–5532, 85–5538.

United States Court of Appeals, Fourth Circuit.

Argued April 11, 1986.

Decided June 5, 1986.

Lawrence W. Hewitt (Berry, Hogewood, Edwards & Freeman, P.A., Charlotte, N.C., on brief), for appellant Robert Preston Smith. E. Fitzgerald Parnell (Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, P.A., Charlotte, N.C., on brief), for appellant Robert Jackson Eury.

Kenneth P. Andresen, Chief Asst. U.S. Atty., Charlotte, N.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., on brief), for appellee.

Before RUSSELL and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Robert Eury appeals a judgment convicting him of conspiring to burn the Scorpio Lounge in Charlotte, North Carolina, and aiding and abetting Robert Smith in burning the lounge. Smith appeals a judgment convicting him of the same conspiracy and of burning the lounge. The judgments rest on violations of 18 U.S.C. §§ 844(i), 371, and 2. We affirm.

I

Danny Clontz, a codefendant who had been separately tried and convicted, absconded, although he had been subpoenaed by the government.* After an evidentiary hearing, the district court found by clear and convincing evidence that Eury had procured Clontz's absence from the trial. The court admitted a statement Clontz gave to the police in which he confessed to his participation in the arson and also incriminated Eury and Smith. The court deleted Smith's name before admitting the statement.

We find no error in the admission of Clontz's statement against Eury. By procuring Clontz's absence, Eury waived his right to confrontation, which under other circumstances is secured by the sixth amendment. He also waived all hearsay objections. *United States v. Thevis*, 665 F.2d 616, 630–33 (5th Cir.1982).

At his own trial Clontz had recanted his confession and the entire statement. The government furnished the defense a copy of his testimony, but it declined to introduce it when it introduced Clontz's statement. After the government rested, Eury introduced Clontz's testimony by

---

* Clontz's conviction was affirmed on appeal. *See United States v. Clontz*, 791 F.2d 926 (4th Cir. 1986) (unpublished).

reading the transcript to the jury. Eury, asserting denial of a fair trial, assigns error to the district court's refusal to require the government to introduce Clontz's testimony along with his statement during the presentation of the government's case.

Clontz's statement was the last evidence the government introduced. The statement was presented by the officer who had interrogated Clontz. Eury's counsel cross-examined the officer and elicited the fact that Clontz had recanted. The transcript of Clontz's testimony was the first evidence presented by the defense.

There was no significant interval between the introduction of Clontz's statement by the government and the introduction of his recanting testimony by Eury. Federal Rule of Evidence 611 authorizes the court to exercise reasonable control over the mode and order of presenting evidence so as to make the presentation effective for the ascertainment of truth. We find no abuse of the discretion the rule confers on the trial judge. Requiring each proponent of Clontz's contradictory account of events to present the version on which the proponent relied was a reasonable mode of proceeding that did not deprive Eury of a fair trial.

■ Eury's final contention is that the trial judge committed error by allowing Smith's counsel to cross-examine Eury concerning the absence of Clontz. Eury argues that this cross-examination was irrelevant to any issue and unfairly prejudiced him. He relies primarily on Federal Rule of Evidence 403 which counsels exclusion of even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice."

Taking the stand in his own defense, Eury denied involvement in the arson and testified that Smith had set the fire. Smith's attempt to show that Eury had procured the absence of a material prosecution witness was permissible to impeach this testimony. The district court did not abuse its discretion in allowing this cross-examination. It properly relied on Federal Rule of Evidence 608(b), which provides in

part that the district court may allow inquiry on cross-examination into "[s]pecific instances of conduct by a witness," if the inquiry is probative of the witness's "character for truthfulness or untruthfulness." *See also United States v. Leake,* 642 F.2d 715, 718–19 (4th Cir.1981).

## II

■ Because there was no evidence that Smith had done anything to procure Clontz's absence, the district court directed that Smith's name should be deleted from the statement before it was introduced against Eury. Although Smith did not object to the redaction, he consistently objected to admission of the statement. He asserted that the redacted version, considered in the context of the entire trial, identified Smith as one of the arsonists and that its admission violated the confrontation clause.

The confrontation clause requires that the statement of an unavailable declarant is admissible "only if it bears adequate 'indicia of reliability.'" *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). Reliability ordinarily can be inferred from a hearsay exception. 448 U.S. at 66, 100 S.Ct. at 2539; *see, e.g., United States v. Chindawongse,* 771 F.2d 840, 845–47 (4th Cir.1985) (coconspirators' statements during course of and in furtherance of conspiracy). But this inference is barred by *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), when the confession of an unavailable declarant incriminates the defendant. Under these circumstances "particularized guarantees of trustworthiness" must be shown to satisfy the confrontation clause. 448 U.S. at 66, 100 S.Ct. at 2539.

We conclude that the following circumstances establish that Smith was not denied the right of confrontation. The statement was redacted and facially, at least, meets a possible alternative to exclusion mentioned in *Bruton v. United States,* 391 U.S. 123, 133–34 and n. 10, 88 S.Ct. at 1626–27 and n. 10 (1968). The district court found that the statement was reliable before admitting it.

This finding is not clearly erroneous. It is supported by evidence that corroborates the statement both with respect to the means used to burn the building and the identity of the arsonists. Because Clontz was unavailable and the statement was against his penal interest, it satisfied the exclusion from the hearsay rule codified in Federal Rule of Evidence 804(b)(3). The reliability of the statement was tested further by the opportunity to cross-examine the officer who interrogated Clontz. *See Dutton v. Evans,* 400 U.S. 74, 89, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). The transcript of Clontz's testimony in his own criminal trial provided the jury additional evidence to determine whether the statement was reliable. A witness, who was well acquainted with Smith, testified that Smith had admitted setting the fire. Also, Eury testified that he learned from Smith, himself, that Smith set the fire.

All of these indicia of reliability establish that this is an appropriate instance for applying the doctrine of interlocking confessions that was adopted by a plurality of the court in *Parker v. Randolph,* 442 U.S. 62, 69–76, 99 S.Ct. 2132, 2137–41, 60 L.Ed.2d 713 (1979). The plurality said "admission of interlocking confessions with proper limiting instructions conforms to the requirements of the Sixth [Amendment]...." 442 U.S. at 75, 99 S.Ct. at 2140. Smith's own confession, which was properly introduced through two witnesses, interlocked with Clontz's confession.

One element of the doctrine of interlocking confession is a proper limiting instruction. The district court gave none. But we conclude that this omission is not ground for reversal. The court had deleted Smith's name from Clontz's statement, and this redaction was acceptable to Smith despite his continuing objection to the admission of the statement. In *Parker* the confessions were not redacted to delete reference to codefendants, but the court gave a limiting instruction. Here, redaction served as a substitute for a limiting instruction. Furthermore, no error has been assigned to the omission of a limiting instruction.

Smith concedes that the evidence was sufficient to present a jury issue on the substantive charge of arson. He contends, nevertheless, that the court erred in denying his motion to dismiss the conspiracy charge at the conclusion of the government's evidence. He insists that the evidence disclosed only that he acted alone.

We find no merit in this assignment of error. The sufficiency of the evidence is tested on appellate review at the conclusion of all the evidence when, as here, the defendant introduces evidence after the government rests. *United States v. Echeverri-Jaramillo,* 777 F.2d 933, 937–38 (4th Cir.1985). Eury denied participation in the arson and claimed Smith set the fire. But Eury also conceded that after the fire he had said that he was the mastermind for the plan to destroy the lounge, which was successfully competing with his own business. He sought to explain his inconsistent version of events by explaining that he was simply boasting when he claimed to be the mastermind. The jury, however, did not have to accept this explanation, and it could reasonably find that Smith and Eury conspired to burn the lounge.

The judgments are affirmed.

