**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5861

WILLIAM THOMAS BASKIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-247)

Submitted: May 31, 1996

Decided: July 22, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Irvin McCreary Allen, Special Assis-
tant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Thomas Baskin appeals from his conviction and subsequent sentence for twenty-three counts of bank fraud and two counts of bank embezzlement. We affirm.

Baskin contends that the district court made two errors during the course of his trial and sentencing hearing which warrant this court's vacatur of his conviction and sentence. First, he contends that the district court improperly admitted hearsay statements into evidence, thus violating his Sixth Amendment right to confront witnesses brought against him. Second, he contends that the district court's application of U.S.S.G. § 3A1.1 to enhance his offense level two points for targeting vulnerable victims was in error because there was insufficient evidence that the victims were in fact vulnerable or that he targeted them due to any existing vulnerability.

Turning first to Baskin's Confrontation Clause claim, our review reveals that the hearsay statement possessed the particularized guarantees of trustworthiness sufficient to withstand a Sixth Amendment challenge. Idaho v. Wright, 497 U.S. 805 (1990). Accordingly, we find that the district court's admission of the evidence does not constitute clear error. United States v. Smith, 792 F.2d 441, 443-44 (4th Cir. 1986), cert. denied, 479 U.S. 1037 (1987). We also find no violation of Fed. R. Evid. 804(b)(5) in the admission of this evidence.

Addressing Baskin's claim of sentencing error, we find that the evidence adduced at trial and mentioned by the district court demonstrated that two of Baskin's victims were senior citizens who possessed inactive bank accounts that were not closely monitored. Further, in his written response to the presentence report, Baskin admitted that he targeted these victims due to the inactivity of their accounts. J.A. 275. We find these factors sufficient to justify the district court's application of § 3A1.1's two-level enhancement. Accordingly, we find no evidence of clear error on this claim either.

Having thus disposed of all claims raised in Baskin's formal brief, we affirm Baskin's conviction and sentence. We dispense with oral

2

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3